IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-218-H
No. 5:14-CV-643-H

RODNEY ANTWAN BROWN,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [D.E. #142], in response to petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. ##136, 140]. Petitioner has filed a response, [D.E. #145], and this matter is ripe for adjudication.

## BACKGROUND

On January 19, 2012, petitioner, following a jury trial, was found guilty of all three counts of an indictment charging him with: (1) conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; (2) armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d), and 2; and (3) using and carrying a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(A)(ii) and 2. [D.E. #87]. Petitioner was sentenced to terms of imprisonment of 60 months on count one, 300 months on count two (to run concurrently with count one),

and 84 months on count three (to run consecutively with counts one and two), for a total term of imprisonment of 384 months. [D.E. #99]. Judgment was entered on May 22, 2012. [D.E. #101].

On June 1, 2012, petitioner filed a notice of appeal. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence in an unpublished opinion issued on May 7, 2013. [D.E. #126]. Petitioner filed a motion for rehearing en banc, and the Court of Appeals denied that motion on June 25, 2013. [D.E. #129]. Petitioner filed another motion for rehearing, and the Court of Appeals denied that motion as untimely on July 12, 2013. Petitioner did not file a petition for certiorari with the Supreme Court of the United States.

On October 10, 2014, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255 claiming: (1) trial counsel was ineffective for failing to investigate and interview his co-defendant and failing to file a motion to sever his trial; (2) trial counsel was ineffective for failing to object to the admission of AT&T telephone records; (3) prosecutorial misconduct for allegedly failing to turn over the AT&T telephone records prior to trial; and (4) trial counsel was ineffective because he failed to object to a co-defendant's motion to proceed pro se.

2

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner did not file a petition for certiorari with the Supreme Court; therefore, his judgment became final when the 90-day period for filing a certiorari petition expired. Clay v. United States, 537 U.S. 522, 527 (2003). Because petitioner's timely motion for rehearing was denied on June 25, 2013, petitioner had 90 days from that date to file his petition for

3

certiorari. See Sup.Ct.R. 13(1), (3) (A petitioner has 90 days from the denial of his timely petition for rehearing to file a petition for certiorari.) Petitioner, however, did not file a petition for certiorari, and his judgment became final on September 23, 2013. Therefore, petitioner had until September 23, 2014, to file a motion to vacate under 28 U.S.C. § 2255. Petitioner did not file the instant motion to vacate under 28 U.S.C. § 2255, however, until October 10, 2014. Therefore, petitioner's motion was not filed within the statutory period set forth in § 2255(f)(1). Petitioner has also not alleged sufficient facts to show a basis for extending the statutory timeframe for filing under § 2255(f)(2)-(4).

The statute of limitations period for § 2255 motions is, however, subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v.

4

Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Petitioner alleges he is entitled to equitable tolling because: (1) the Court of Appeals recalled its mandate after petitioner filed his motion for rehearing en banc and (2) appellate counsel improperly advised him of a right to file a motion for rehearing en banc after his first motion was denied. [D.E. #145]. Petitioner's arguments are insufficient, however, to justify the extraordinary remedy of equitable tolling.

In this case, a recall of the Court of Appeals' mandate could not reasonably confuse petitioner as to the commencement of his one-year timeframe to file a motion to vacate under 28 U.S.C. § 2255. The recall resulted from petitioner's motion for rehearing en banc and was appropriate under Rule 41 of the Federal Rules of Appellate Procedure. Petitioner's alleged confusion as to the legal significance of the Court of Appeals' recall of the mandate in this situation is insufficient to justify the extraordinary remedy of equitable tolling. See Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where delay in filing was the result of plaintiff's unfamiliarity with the legal process).

Second, petitioner alleges appellate counsel confused him by including inaccurate information in a correspondence delivered after the Court of Appeals denied his first motion for rehearing en banc. Specifically, petitioner alleges in this correspondence appellate counsel improperly advised him of a right to further pursue his appeal, causing petitioner to misconstrue the commencement date of his statutory time to file a motion under 28 U.S.C. § 2255. The court notes petitioner does not allege appellate counsel or any other counsel improperly advised him of the applicable timeframe and his right to file a motion under 28 U.S.C. § 2255.

Even if appellate counsel's correspondence confused petitioner as to the appellate process, however, it is unreasonable for petitioner to have remained in stupor after denial of his motion for rehearing en banc by the Court of Appeals on the basis of its *untimeliness*. Notice of the Court's denial was received by petitioner *after* his receipt of the misleading correspondence from appellate counsel and should have alerted petitioner his one-year timeframe for filing a motion under 28 U.S.C. § 2255 was not tolled or impacted by his untimely motion. Nevertheless, courts have routinely held that an attorney's mistake interpreting a statutory provision does not constitute an "extraordinary circumstance" justifying equitable tolling. Harris, 209 F.3d at 330; see Lawrence v.

Florida, 549 U.S. 327 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling..."). Petitioner's motion to vacate is untimely and, therefore, DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [D.E. #142], is GRANTED, and petitioner's section 2255 motion, [D.E. ##136, 140], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist could not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 10th day of November 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

7